IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-549-BO

| | |
|---|---|
| GREGORY POOLE EQUIPMENT COMPANY, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATS LOGISTICS SERVICES, INC. and )<br>EAST COAST SEPCIALIZED HAULING, )<br>LLC, )<br>Defendants. )<br>) | ORDER |
| EAST COAST SPECIALIZED HAULING, )<br>LLC, )<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>PRITCHARD BROWN, LLC, )<br>Third Party Defendant. )<br>) | |

This cause comes before the Court on defendant ATS Logistics' partial motion to dismiss the crossclaims of defendant East Coast Specialized Hauling. East Coast has responded, ATS Logistics has replied, and the matter is ripe for ruling. For the reasons discussed below, the partial motion to dismiss is granted.

## BACKGROUND

This action arises out of the shipment of a generator set and related parts from Baltimore, Maryland to Holly Springs, North Carolina. Plaintiff alleges it contracted with ATS Logistics to ship the generator set, and that ATS Logistics contracted with East Coast to carry out the shipping services. During shipment, a driver for East Coast crashed into a bridge and severely

damaged plaintiff's generator set and related parts. A driver for East Coast later crashed into another bridge during subsequent shipment of plaintiff's generator set to the repair facility. Plaintiff alleges claims against ATS for carrier liability under 49 U.S.C. § 14706, for breach of contract, and against both defendants for negligence. The complaint seeks damages of $356,907.59 plus interest from the date of the initial damages to be awarded against ATS Logistics and East Coast jointly and severally.

East Coast filed an answer to plaintiff's complaint, a counterclaim against plaintiff, a crossclaim against ATS Logistics, and a third party complaint against Pritchard Brown, LLC. ATS Logistics seeks to dismiss East Coasts' crossclaim for unfair and deceptive trade practices, which would entitle it to actual and treble damages, attorneys fees and costs under N.C. Gen. Stat. § 75-16.

## DISCUSSION

East Coast alleges in its crossclaim that ATS Logistics has engaged in a pattern and practice of intentionally obtaining contracts for transportation of goods as a carrier contracting with shippers based upon a rate that is fixed with a minimum amount of cargo insurance of $100,000, and then holding itself out as a broker in contracting for delivery of valuable cargo with another carrier. East Coast further alleges that ATS Logistics has a pattern and practice of failing to declare the value of the cargo in order to keep the cost of transportation services low and to provide itself with an unfair competitive advantage while exposing the delivering carrier to an unexpected and unplanned for business risk. ATS Logistics contends that this claim fails to state a claim upon which relief can be granted as it is preempted by 49 U.S.C. § 14501(c).

When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the

plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Federal Aviation Administration Authorization Act of 1994 (FAAAA) provides that "a State . . . may not enact or enforce a law . . . related to the price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). This provision codifies Congress' intent to extend the deregulation of the domestic airline industry to the trucking industry. *Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1775 (2013) (discussing relationship between Airline Deregulation Act of 1978, 92 Stat. 1705, 1706, and Motor Carrier Act of 1980, 94 Stat. 793). This deregulation was intended to unburden the interstate transportation of property from state governance and to promote free trade and interstate commerce. *City of Columbus v. Ours Garage and Wrecker Svc., Inc.*, 536 U.S. 424, 440 (2002). Certain state laws relating to regulation of safety, size, and insurance are specifically exempted, however, from § 14501's preemptive scope. 49 U.S.C. § 14501(c)(2); *see also Dan's City*, 133 S. Ct. at 1776.

The FAAAA's preemptive provision has been found to evince Congress' deregulatory intent in that the term "related to" has been interpreted broadly to include state enforcement actions having *a connection with* or *reference to* carrier rates, routes, and services, even where a state's law has only an indirect effect. *Rowe v. New Hampshire Motor Transp. Ass'n*, 522 U.S. 364, 370 (2008) (citations omitted). The broad preemption provision has also been applied to

3

state law private causes of action. *See Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998). While the Supreme Court has recently clarified that "the breadth of the words 'related to' does not mean the sky is the limit," *Dan's City*, 133 S. Ct. at 1778, courts have found that state laws addressing trade practices, state consumer protection laws, and fraud claims are preempted by the FAAAA.

As noted by the Supreme Court in *Rowe* and *Dan's City*, in light of both the relationship between the deregulation of the airlines and of motor carriers as well as the "dearth of case law interpreting the preemptive provision of the" FAAAA, "case law interpreting the Airline Deregulation Act (ADA) is particularly instructive [in the context of motor carriers]." *Mastercraft Interiors, Ltd. v. ABF Freight Systems, Inc.*, 284 F. Supp.2d 284, 286 (D. Md. 2003). For example, in *American Airlines, Inc. v. Wolens*, the Supreme Court held that the Airline Deregulation Act's (ADA) preemption of state laws relating to rates, routes, or services would preempt state law targeted at regulating competition. 513 U.S. 219, 228-29 (1995). Applying *Wolens*, the Fifth Circuit in *Sam L. Majors Jewelers v. ABX, Inc.* found that the Texas Unfair and Deceptive Trade Practice-Consumer Protection Act was expressly preempted by the ADA. 117 F.3d 922, 931 (5th Cir. 1997). In the context of motor carriers, the North District of Georgia, also applying *Wolens*, found that state law tort claims relating to a carrier's prices, routes, or services, are preempted by the FAAAA. 972 F. Supp. 665, 672 (N.D.Ga. 1997).

Here, East Coast claims that ATS Logistics violated North Carolina's Unfair and Deceptive Trade Practices Act by intentionally failing to declare value for freight, resulting in East Coast's providing an artificially low quote, and which failure was intentionally used to obtain competitive advantage by keeping the costs of its transportation services low. This claim relates directly to a motor carrier's rates and services and is expressly preempted by the FAAAA.

4

Failure to preempt such a claim for unfair and deceptive trade practices would permit in this instance enforcement of laws regulating competition in an area where Congress has stated its intent to deregulate in order to foster competition. As noted in *Wolens*, the states may not "impos[e] their own substantive standards with respect to rates, routes, and services," 513 U.S. at 232, which would be the precise result were East Coast's unfair and deceptive trade practices claim be permitted to proceed.

## CONCLUSION

Accordingly, for the reasons discussed above, ATS Logistics' partial motion to dismiss [DE 22] is GRANTED. East Coast's crossclaim for violations of North Carolina's Unfair and Deceptive Trade Practices Act is DISMISSED.

SO ORDERED, this 12 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE