IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-549-BO

GREGORY POOLE EQUIPMENT COMPANY,

    Plaintiff,

v.

ATS LOGISTICS SERVICES, INC. and EAST COAST SPECIALIZED HAULING, LLC,

    Defendants.

---

EAST COAST SPECIALIZED HAULING, LLC,

    Third Party Plaintiff,

v.

PRITCHARD BROWN, LLC,

    Third Party Defendant.

**ORDER**

This matter is before the Court on third-party defendant, Pritchard Brown, LLC's ("Pritchard"), motion to dismiss [DE 35] and third-party plaintiff, East Coast Specialized Hauling, LLC's ("East Coast"), motion for leave to amend pleadings and add an additional party [DE 38]. A hearing was held on these matters on April 29, 2014 at 2:00 p.m. in Elizabeth City, North Carolina. These motions are now ripe and for the following reasons the motion to dismiss is GRANTED and the motion for leave to amend is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This action arises out of the shipment of a generator set and enclosure[1] from Baltimore, Maryland to Holly Springs, North Carolina. Plaintiff, Gregory Poole Equipment Company ("Poole"), alleges it contracted with ATS Logistics ("ATS") to ship the generator set, and that ATS contracted with East Coast to carry out the shipping services. During shipment, the generator set enclosure manufactured by Pritchard collided with a bridge in North Carolina and severely damaged the enclosure. After an assessment was made, Poole and Pritchard ordered the set to be returned to Baltimore for repairs. During the return journey, the generator set enclosure collided with another bridge. East Coast alleges that the design and manufacture of the enclosure as well as the manner of loading it onto the trailer by Pritchard were inconsistent with recognized standards and created a latent hazard which caused the height of the generator set to rise during transportation thereby increasing the overall height of the shipment past what was expected and making the load too tall for the chosen route resulting in the bridge strikes.

Poole is alleging claims against ATS and East Coast for carrier liability under the Carmack Amendment, 49 U.S.C. § 14706, against ATS for breach of contract, and against both ATS and East Coast for negligence. The complaint seeks damages of $356,907.59 plus interest from the date of the initial damages to be awarded against ATS Logistics and East Coast jointly and severally.

East Coast filed an answer to plaintiff's complaint, a counterclaim against plaintiff, a crossclaim against ATS, and a third-party complaint for indemnity against Pritchard. On March 14, 2014, the Court granted ATS's motion to dismiss East Coast's crossclaim for unfair and deceptive trade practices. Pritchard has moved to dismiss East Coast's original third-party

---

[1] The enclosure is the permanent housing unit for the generator set and consists of a steel fuel tank which forms the base of the unit. The generator is placed on top of the fuel tank and is enclosed by a framed aluminum structure consisting of aluminum panels.

complaint and East Coast subsequently moved for leave to amend its answer and third-party complaint and to add a party. East Coast seeks to bring three crossclaims against Pritchard.

East Coast asserts its first crossclaim under Rule 14 of the Federal Rules of Civil Procedure. It alleges that a contract existed between Pritchard and East Coast and that it is entitled to recover against Pritchard for any amount East Coast is ordered to pay plaintiff in damages because the proximate cause of those damages and East Coast's potential liability was the negligence of Pritchard. East Coast asserts its second crossclaim under Rules 13(h), 19 and 20 of the Federal Rules of Civil Procedure that is otherwise identical to the first. East Coast asserts its third crossclaim under Rules 13(h), 19 and 20 of the Federal Rules of Civil Procedure. It alleges that Pritchard contracted with East Coast to provide transportation services and is liable for reasonable freight charges that it has refused to pay.

## DISCUSSION

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the right to amend is not unfettered. "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). A proposed amendment is futile when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987).

Pritchard does not challenge the motion to amend on grounds of bad faith or prejudice in its opposition memorandum to the motion. Therefore the only ground on which the Court can deny the motion to amend is futility. Pritchard rests on its supporting memoranda for its motion

3

to dismiss in establishing the futility of East Coast's proposed amendment and therefore the Court will discuss the issues raised by the motion to dismiss at the same time as examining the potential futility of East Coast's motion to amend.

The crux of Pritchard's argument is that East Coast has failed to set forth any viable claim that it would have against Pritchard and that East Coast has failed to establish that Pritchard owed any duty to East Coast. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007)). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint and the complaint should be dismissed where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The parties disagree whether North Carolina or Maryland law controls the question of whether or not East Coast can seek indemnity from Pritchard. Poole filed the complaint in this Court, but the underlying matter stems from a series of events that started and concluded in Maryland. "In federal cases based on federal question jurisdiction but also containing supplemental state law claims, federal courts must apply the choice-of-law rules of the forum state in analyzing the state law claims." *DeWitt v. Hutchins*, 309 F. Supp. 2d 742, 751 (M.D.N.C. 2004). "North Carolina adheres to the choice of law rule of *lex loci delicti* in tort actions," meaning that North Carolina applies the law of "the state where the last event necessary to make an actor liable for an alleged tort takes place." *Brendle v. Gen. Tire & Rubber Co.*, 408 F.2d 116, 117, n.3 (4th Cir. 1969). Pritchard manufactured the generator set enclosure in Maryland, and any design flaws would have been present at the time it began its journey in Maryland. However,

4

liability would not have been created had the enclosure not struck the first bridge in North Carolina. However, all of the damage to the generator was not completed until the second bridge strike which took place in Maryland. Therefore this was the last event which could have created a liability for the final amount of damage and the proper law to be applied here is Maryland law.

East Coast's third claim is a claim for freight charges and is only disputed as to whether or not the existence of a contract between East Coast and Pritchard has been properly alleged. East Coast has properly pled that Pritchard was acting as an agent of plaintiff and consignor and that Pritchard's agents signed the bills of lading identifying Pritchard as the shipper and therefore Pritchard is liable for the reasonable freight charges. Accordingly, East Coast is allowed to amend its pleadings, add Pritchard as a party, and bring its twenty-fifth defense which is a cross claim for freight charges. This claim is best viewed as joining an additional party to its existing crossclaim and counterclaim for freight charges against ATS and Poole and is therefore properly brought under FED. R. CIV. P. 13(h), 20(a)(1)(A). Under FED. R. CIV. P. 18(a), East Coast is allowed to bring its indemnity claim as well, subject to its survival of the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[2]

Maryland recognizes a claim for indemnity not contained expressly in a contract. *See Hartford Acc. and Indemn. Co. v. Scarlett Harbor Assoc. Ltd.*, 674 A.2d 106, 134 (Md. App. 1996) ("A right to indemnification also may arise based on an express or implied contract or by operation of law."). An implied right to indemnification may be based on the special nature of a contractual relationship between parties (implied in fact indemnity) or when there is a great disparity in the fault of two tortfeasors and one of the tortfeasors has paid for a loss that was

---

[2] The Court notes that East Coast's claims for indemnity are identical except that one is asserted under Rule 14 and the other under Rule 13(h), 19 and 20. Because the claim is properly brought under Rule 18 it does not matter which claim survives, but for clarity the Court will discard the twenty-third defense and consider the twenty-fourth defense as the sole remaining claim for indemnity.

5

primarily the responsibility of another (implied in law indemnity). *Hanscome v. Perry*, 542 A.2d 421, 426 (Md. App. 1988).

East Coast concedes that it cannot show indemnity by virtue of an express indemnification agreement. A close examination of East Coast's pleadings does not support a claim for indemnity implied in fact or in law.

East Coast argues that the bill of lading and consignor/carrier relationship between it and Pritchard along with the representations alleged to have been made by Pritchard in connection with the transportation of the generator set establishes a special relationship between the parties as to entitle East Coast to indemnity implied in fact. However, East Coast must plead more than just an underlying agreement between the parties – it must also plead facts from which it may be plausibly inferred that an indemnitor/indemnitee relationship was intended between the parties or that the special relationship indicates that Pritchard would bear ultimate responsibility for any and all damages to the generator and its enclosure during transport. Here, East Coast can point to no facts that demonstrate intent on the part Pritchard to assume responsibility in the event of East Coast's liability. *See Terry's Floor Fashions, Inc. v. Georgia-Pac. Corp.*, 1998 WL 1107771 (E.D.N.C. July 23, 1998) ("In such a situation, the right to indemnity arises from the relationship between the parties and the circumstances of the parties' conduct, and the essence of such a claim is the intent of the parties to create an indemnitor/indemnitee relationship."); *McDonald v. Scarboro*, 370 S.E.2d 680, 686 (N.C. App. 1988) (finding indemnity implied in fact based on testimony that another defendant had orally agreed to provide the party with an attorney in the event it was sued by plaintiff for breach of contract). East Coast attempts to rely on layers of inferences and implications that simply do not plausibly establish that Pritchard intended to indemnify East Coast. The fact that East Coast may or may not have represented that it was

6

disclaiming liability for the return transport is irrelevant as such a fact does not plausibly suggest an implied in fact right to indemnification.

East Coast's pleadings essentially tell a story of "it was him, not me," in regards to the proximate cause of the damage to the generator set. Although in its proposed amended pleadings East Coast replaces the phrase "the sole and proximate cause of plaintiff's damages was the negligence of Pritchard" with "a proximate cause of plaintiff's damages. . . ," it is clear from the context supplied by the rest of the pleadings that East Coast is actually claiming that they are wholly innocent of causing any damage whatsoever and but for Pritchard's negligent construction and loading of the package there would be no damage. In essence, East Coast is attempting to transform what would be a complete defense to liability to Poole's action against it into a third-party claim against Pritchard. Although the Carmack Amendment muddies the picture somewhat, it does not open the door to an indemnity claim here. As East Coast cannot bring a plausible claim of indemnity against Pritchard, Pritchard's motion to dismiss is granted and East Coast's motion to amend the indemnity claim is denied as futile.

## CONCLUSION

For the foregoing reasons, East Coast's motion for leave to file amended complaint is GRANTED IN PART and DENIED IN PART. The motion is granted except as to East Coast's twenty-second defense which was previously dismissed by the Court, and East Coast's twenty-third and twenty-fourth defenses which are dismissed by this order. Pritchard's motion to dismiss the claim of indemnity is GRANTED. Pritchard is appropriately ADDED as a party pursuant to East Coast's twenty-fifth defense. The clerk is directed to file plaintiff's third amended complaint as described.

SO ORDERED.

This the **30** day of April, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE